IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE J. BOICE, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Civil Action No. 20-1199 |
| KILOLO KIJAKAZI,[1] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

# **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 18 and 22). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 19 and 23). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No.18) and granting Defendant's Motion for Summary Judgment. (ECF No. 22).

## I. **BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Brian W. Wood, held a hearing on January 29, 2019. (ECF No. 11-2, pp. 35-84). Plaintiff was represented at the hearing. *Id.* On May 1, 2019, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 11-2, pp. 13-29).

---

[1]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF No. 18 and 22). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.     Weighing of Opinions**

Plaintiff argues that the ALJ erred by improperly disregarding the medical opinions of her treating rheumatologist, Dr. Kenneth Gold, and the consultative examiner, Dr. Einat Rabinovich. (ECF No. 19, pp. 12-17). The amount of weight accorded to medical opinions for claims filed prior to March 27, 2017 is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a

3

detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2).  The opinion of a treating physician need not be viewed uncritically, however.   Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.*  "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

4

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

Here, Plaintiff first argues that the ALJ improperly rejected the report of Dr. Gold because he was her treating physician. (ECF No. 19, pp. 12-15). An ALJ's rejection of a treating doctor's opinion is not improper simply because the doctor was a treating physician. As set forth above, when there are conflicting medical opinions, the ALJ may choose whom to credit. *Becker,* 2010 WL 5078238 at *5; *Diaz*, 577 F.3d at 505. As detailed in his decision in this case, that is what the ALJ did. He considered and weighed all opinion evidence. *See,* (ECF No. 11-2, pp. 18-27). Thus, I find this argument lacks merit.

Plaintiff next argues that the ALJ improperly rejected the report of Dr. Gold because Dr. Gold's report is supported by other evidence of record. (ECF No. 19, p. 15). To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen,* 881 F.2d at 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.[2]

---

[2]Plaintiff points to medical evidence that reference to her complaints of pain. (ECF No. 19, p. 15). I

5

Finally, Plaintiff argues that the ALJ improperly rejected the reports of Dr. Gold and Dr. Rabinovich because one of the reasons for discounting their opinions was not borne out in the record. (ECF No. 19, pp. 15-16). In weighing the opinion evidence, the ALJ gave Dr. Gold's opinion little weight, in part, because "it is not consistent with the claimant's reports…that she continued to work as a dance instructor throughout much of the relevant timeframe." (ECF No. 11-2, p. 23). The ALJ gave Dr. Rabinovich's opinion some weight, in part, because "the evidence is replete with references to her working as a dance instructor…."[3] *Id.* at 27. Plaintiff submits that "[t]here is no indication… that Plaintiff was presently working in that position" and "absolutely no evidence in this case that Plaintiff worked as a dance instructor on a full time basis." (ECF No. 19, pp. 15-16). I am not persuaded by this argument.

To begin with, the ALJ did not say that Plaintiff worked "presently" as a dance instructor. Instead, he said that she worked as a dance instructor throughout much of the relevant timeframe. (ECF No. 11-2, p. 23). In his decision, the ALJ detailed the Plaintiff's own reports of work as a dance instructor. (ECF No. 11-2, pp. 21-24). For example, he noted that Plaintiff told Dr. David in January of 2018 that she continued to teach dance three to five hours a day on a daily basis and that she continued to report that she was working as a dance teacher through September 26, 2018. (ECF No. 11-2, pp. 23-24).

---

note that a plaintiff need not be pain free or symptom free to be found not disabled. Rather, a plaintiff must still show he/she is unable to perform substantial gainful activity. *Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990).

[3] I note that the ALJ discounted a portion of Dr. Rabinovich's opinion in Plaintiff's favor explaining that the record supported a finding of light rather than medium work and her ability to use her arms and legs was more restrictive than Dr. Rabinovich's opinion that she has no manipulative restrictions or limitations on foot controls. (ECF No. 11-2, p. 27).

Also, with regard to Dr. Rabinovich, Plaintiff also seems to suggest that Dr. Rabinovich limited her to standing and walking for a total of four hours in an eight hour workday. (ECF No. 19, p. 14). A review of the record reveals that this is not the case. Dr. Rabinovich opined that Plaintiff could walk for four hours in an eight hour workday and stand for four hours in an eight hour workday. (ECF No. 11-7, p. 44). Thus, the total ability to walk and stand in an eight hour workday is eight hours. *Id.*

6

Moreover, the AJ did not find that she worked as a dance instructor on a full time basis. Rather, he simply recognized her own reports of working as a dance instructor. Consideration of work is proper in determining if a plaintiff is disabled. 20 C.F.R. §§ 404.1571, 416.971.

> The work, without regard to legality, that you have done during any period in which you believe you are disabled may show that you are able to work at the substantial gainful activity level….Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did.

*Id.* Thus, I find no merit to this argument.[4]

After a review of the record and reading the decision of the ALJ as a whole, I find the reasons given by the ALJ in weighing the medical opinions to be appropriate, sufficiently explained and supported by sufficient evidence of record. Therefore, remand is not warranted on this basis.

### C. Residual Functional Capacity ("RFC")[5]

Plaintiff also argues that the ALJ improperly determined her RFC. (ECF No. 19, pp. 17-19). To that end, Plaintiff specifically argues "there is substantial evidence that Plaintiff is not able to physically do the work noted in the RFC determined by the ALJ" and then references limitations she believes support her position. *Id.* at p. 18. Again, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, the support for Plaintiff's argument in this regard is misplaced.

---

[4] I further note, that the ALJ found that Plaintiff's past relevant work included a dance instructor but that she is unable to perform that past relevant work. (ECF No. 11-2, pp. 27-28).

[5] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff had the RFC to perform light work, with numerous exceptions. (ECF No. 11-2, p. 18).

In any event, Plaintiff's arguments are based on the same arguments made in the prior section.   For the reasons set forth above, remand is not warranted.

### D. <u>Vocational Expert ("VE")</u>

Along the same line of rationale as set forth above, Plaintiff additionally argues that the ALJ erred by improperly disregarding the VE testimony and by relying on incomplete hypothetical questions. (ECF No. 19, pp. 19-20).   An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments.   *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987).   Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments.   (ECF No. 11-2, pp. 13-29).   Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE J. BOICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Civil Action No.   20-1199 |
| | ) |
| KILOLO KIJAKAZI,[6] | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 1st day of November, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 18) is denied and Defendant's Motion for Summary Judgment (ECF No. 22) is granted.

BY THE COURT:

_Donetta F. Ambrose_
Donetta W. Ambrose
United States Senior District Judge

---

[6] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

9